United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASER LEWIS, | No. C 08-0711 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| BELINDA ALLEN-HENDRIX, Case Management Specialist, Salinas Valley State Prison, | |
| Defendant. | |

Plaintiff, a California prisoner, has filed a pro se civil rights complaint attacking the correctness of the release date calculated by the California Department of Corrections and Rehabilitation. He also requests leave to proceed in forma pauperis.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff does not explain his constitutional argument, but it is clear that the factual basis for his claim is his contention that defendant has set the wrong release date for him. He wants ten thousand dollars damages and "to be release[d] out of custody to parole."

To the extent plaintiff asks to be released, that claim can be brought only in habeas. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And his request for damages is barred by *Heck v. Humphrey*, 114 S. Ct. 2364 (1994), as discussed below.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct.

2

2364, 2372 (1994). "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 2374 (footnote omitted). Any such claim may be dismissed sua sponte without prejudice. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

*Heck* also bars constitutional claims which necessarily call into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence, as here. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). When a state prisoner's section 1983 suit implicates the length of his or her incarceration, the complaint must be dismissed unless the plaintiff can demonstrate that he has succeeded in getting the duration of the sentence changed in another forum, for instance by succeeding with a state or federal habeas petition. This plaintiff has not done, so he has failed to state a cognizable claim under section 1983. The case must be dismissed.[1]

## CONCLUSION

For the foregoing reasons the case is **DISMISSED** without prejudice to reasserting the claims if a cause of action ever accrues.

Plaintiff may disregard the clerk's notice regarding his in forma pauperis application. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February   11  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\LEWIS0712.DSM.wpd

---

[1] A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The opposite is not true, however: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY C LEWIS,

        Plaintiff,

  v.

BELINDA ALLEN-HENDRIX et al,

        Defendant.

Case Number: CV08-00711 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 12, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Ceaser Lewis
V-95299
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960-1050

Dated: February 12, 2008

                                          Richard W. Wieking, Clerk
                                          By: D. Toland, Deputy Clerk